**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**FERNANDO PATINO CRUZ**
**aka JULIO ANGEL CASIANO RUIZ,**   **CASE NO. 2:10-CV-0629**
                                    **CRIM. NO. 2:09-CR-112 (2)**
  **Petitioner,**                   **JUDGE FROST**
                                    **MAGISTRATE JUDGE ABEL**
  v.

**UNITED STATES OF AMERICA,**

  **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Magistrate Judge on the instant petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

## FACTS and PROCEDURAL HISTORY

On September 3, 2009, while represented by counsel, Petitioner pleaded guilty, pursuant to the terms of his negotiated plea agreement, to conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. 1951. Docs. 58, 69. On January 26, 2010, the Court imposed 80 months imprisonment plus three years supervised release, and restitution in the amount of $17,322.76. Doc. 90. Petitioner did not file an appeal.

On July 12, 2010, Petitioner filed the instant motion under 28 U.S.C. § 2255. He asserts that he was denied effective assistance of counsel and denied the right to appeal because his attorney failed to file a notice of appeal after Petitioner requested him to do so after the sentencing hearing. Petitioner states he told his attorney he wanted to appeal the two level increase in his recommended

sentence under the United States Sentencing Guidelines under § 2B3.1(b)(2)(F)[1] for making a threat of death, as well as the two level increase in his recommended sentence under 2B3.1(b)(4)(B)[2] for physically restraining the victim. The Court overruled defense counsel's objections to the recommended increase of Petitioner's recommended sentence in this regard. *See Sentencing Transcript*; *PreSentence Investigation Report.* Petitioner states he does not speak English fluently and understood that he could not file an appeal regarding his sentence. He complains that his attorney never discussed with him the filing of an appeal, and his attorney told him he could not file an appeal. Petitioner argues that his sentence improperly was enhanced under these provisions of the United States Sentencing Guidelines, as he could not have reasonably foreseen the actions of his co-defendants and did not participate in these actions. He requests an evidentiary hearing on these claims. In support of his claims, Petitioner has submitted an affidavit, which indicates in relevant part as follows:

> I. . . declare. . . that I asked my counsel about the increases in my offense level before sentencing, specifically when I first saw the Presentence Report. I told my counsel that I did not think I should be given the increases because I did not do what those increase[s] were for. It was my understanding that my counsel was to object to the increases both regarding the Presentence Report and at sentencing.
>
> On the day of sentencing when I realized that I was going to receive the increases, I again told my counsel that I felt it was wrong, and he told me that the objections were denied, or something to that effect. It is at that point that I said I would want to appeal, and my counsel

---

[1] U.S.S.G. § 2B3.1(b)(2)(F) provides that, for crimes involving a robbery, the base offense level is to be increased two levels "if a threat of death was made."

[2] U.S.S.G. § 2B3.1(b)(4)(B) provides that, "if any person was physically restrained to facilitate commission of the offense or to facilitate escape," the base offense level is to be increased two levels.

2

said that I could not appeal.

After sentencing I again told my counsel that I wanted to appeal the increases, yet again I was told I could not appeal.

*Affidavit of Fernando Patino Cruz, aka Julio Angel Casiano Ruiz*, July 8, 2010.

In response to Petitioner's allegations, Respondent has submitted an affidavit from Petitioner's defense counsel, which indicates as follows:

> 1. . . . I represented Fernando Patino Cruz a/k/a Julio Angel Casiano Ruiz in the matter of the United States v. Fernando Patino Cruz, case number 2:09-CR-00112;
>
> 2. That at no time during or after his sentencing hearing did Mr. Ruiz advise me that he wished to appeal his sentence;
>
> 3. That at no time prior to or during the sentencing hearing did I advise Mr. Ruiz that he could not appeal;
>
> 4. That at no time after the sentencing hearing did I tell Mr. Ruiz that he could not appeal.

*Affidavit of Kristin Burkett.*

In response to the *Return of Writ*, Petitioner has submitted a second affidavit in support of his allegations, which indicates as follows:

> I had discussed with my Counsel, Kristin Burkett, the issue of enhancements, and that I should not receive the enhancements, and that if I did I would want to appeal them. It was at this point of our communications that I was led to believe that I could not question the enhancements, other than to make objections to them in the Pre-sentence Report, and was led to believe that I could not appeal them if they were imposed. Thus, my understanding of the appeal issue was not fully explained to me by counsel before or after the sentencing hearing, as I thought I was not supposed to say I wanted to appeal. I further declare that it was not until I got to prison and did some research on the matter, that I then realized that I could have appealed as I had indicated to my counsel I wanted, simply by my telling her that I did not think I should be receiving the enhancements.

3

> Further, my understanding of the whole appeal issue was not clear as I was being led to believe that if I said I wanted to appeal, my plea agreement would be taken from me.
>
> Lastly, my conversation with Counselor Burkett about these enhancements and my desire to appeal them if they were imposed was before sentence as we were reviewing the PreSentence Report.

*Affidavit of Fernando Patino Cruz, aka Julio Angel Casiano Ruiz,* August 16, 2010.

## MERITS

Petitioner asserts that he was denied his right to appeal and effective assistance of counsel because his attorney failed to file an appeal after being requested to do so, and because his attorney failed to discuss with him the filing of an appeal. Defense counsel denies that Petitioner ever requested to file an appeal or that she advised Petitioner he could not file an appeal of his sentence.

Failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails

> to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Where a criminal defendant neither instructs his attorney to file an appeal nor asks that an appeal be taken, the Court must consider whether the attorney consulted with her client regarding the filing of an appeal. If defense counsel consulted with her client regarding the filing of an appeal, she performs in a professionally unreasonable manner only if she fails to follow a defendant's express instructions with respect to an appeal. *Roe v. Flores-Ortega*, 528 U.S. at 478. If counsel has not consulted with her client regarding the filing of an appeal, the Court must consider whether this failure constitutes deficient performance. *Id*.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. See id., at 690, 104 S.Ct. 2052 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

5

*Id.* at 479-80.

Here, the transcript of Petitioner's sentencing hearing indicates Petitioner was advised of his right to appeal but was not interested in filing an appeal:

> COURT: Mr. Ruiz, you have the right to appeal your sentence and conviction. If you cannot afford the costs of an appeal, you may apply to this Court for leave to appeal without payment of fees and costs. The appeal must be filed within ten days of the filing of the entry of judgment. And if you request it, the Clerk of Courts will file a Notice of Appeal in your behalf.
>
> First do you understand that you can apply to this Court for leave to appeal without the payment of fees and costs?
>
> INTERPRETER: Yes.
>
> COURT: [D]o you understand that you may request that the Clerk of Courts prepare and file a Notice of Appeal in your behalf?
>
> INTERPRETER: Yes, sir.
>
> COURT: Do you wish to have the Clerk of Courts file a Notice of Appeal?
>
> INTERPRETER: No.
>
> COURT: If you change our mind, you have ten days to file your Notice of Appeal. Contact Ms. Burkett or the Clerk of Courts through the Marshal's office.
>
> Ms. Burkett, anything further?
>
> MS. BURKETT: No, Your Honor.

*Sentencing Transcript*, at 16-17. In view of the foregoing, Petitioner's allegation now that he did not understand he could appeal and that he was denied effective assistance of counsel or his right to appeal because his attorney failed to file the appeal after being requested to do so is disingenuous and not worthy of credit.

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda, supra*, 368 U.S. at 495–496, 82 S.Ct., at 514 (s 2255); *Price v. Johnston, supra*, at 334 U.S. 266, 286–287, 68 S.Ct. 1049, 1060–1061, 92 L.Ed. 1356 (s 2243).

*Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). Regardless of Petitioner's unfamiliarity with the English language, the sentencing hearing was conducted with an interpreter on Petitioner's behalf, and Petitioner never indicated, nor does the record reflect, that he did not understand the proceedings. Petitioner likewise has failed to establish the ineffective assistance of counsel based on his attorney's failure to consult with him regarding the filing of an appeal, as he alleges that he requested defense counsel to file an appeal, and despite being expressly advised by the Court at the time of sentencing that he had the right to appeal and that an appeal must be filed within ten days, did not know he could file an appeal of his sentence. Again, this allegation is simply not worthy of credit in view of the record before this Court.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel  
United States Magistrate Judge